UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIONTE NOBLE,<br>Plaintiff,<br>-against-<br>NYC DEPT. SOCIAL SERVICES,<br>Defendant. | 26-CV-5767 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dionte Noble, of Brooklyn, Kings County, New York, who appears *pro se*, brings this action invoking the court's federal question jurisdiction. He sues the New York City Department of Social Services ("DSS"). Plaintiff asserts the following in the section of his complaint in which he is supposed to state the basis for his claims: "Fair Housing Act," "Discrimination," "Harassment," "Murder 2nd Degree," and "Manslaughter 1st Degree." (ECF 1, at 2.) He alleges: (1) that he has been subjected to "non compliant health conditions"; (2) that he had an allergic reaction to rust on his locker; (3) that his property has been stolen, including his birth certificate; (4) that he filed a 311 complaint on January 1, 2025, and was assaulted on February 12, 2025; and (5) and that he has been waiting for an "Independent Living Plan," required by "NYS Case Management Law," since November 2024. (*Id.*) For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.[1]

[1] The Court transferred another case that Plaintiff filed against the same Defendant. *See Noble v. NYC Dep't of Soc. Servs.*, No. 26-CV-5816 (LTS) (S.D.N.Y. July 21, 2026).

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides within the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides within any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

DSS, as an agency of the City of New York, like the City itself, resides within this judicial district and within the Eastern District of New York.[2] *See* 28 U.S.C. § 112(b), (c). Thus, this court and the United States District Court for the Eastern District of New York are both proper venues for this action, under Section 1391(b)(1).

Because Plaintiff alleges that a substantial portion, if not all, of the alleged events occurred in Brooklyn, Kings County, New York (ECF 1, at 5-6), which lies within the Eastern

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

District of New York, *see* § 112(c), the United States District Court for the Eastern District of New York is also a proper venue for this action, under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. DSS resides within the Eastern District of York and most, if not all, of the underlying alleged events occurred in Brooklyn, also within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be within that judicial district. The United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 24, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge